UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-20390-CR-WILLIAMS

UNITED STATES OF AMERICA

vs.

JOSE DAVILA NUNEZ,

                    **Defendant.**

_____/

### PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and **JOSE DAVILA NUNEZ** (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count 2 of the indictment, which Count charges the defendant with Conspiracy to Commit Health Care Fraud in violation of Title 18, United States Code, Section 1349 and 1347.

2. This Office agrees to seek dismissal of counts 1 and 3–6 of the indictment, as to this defendant, after sentencing.

3. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered The defendant is also aware that, under certain circumstances, the Court may depart from the



advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to ten years on Count 2 in this plea to Conspiracy to Commit Health Care Fraud, followed by a term of supervised release of up to three years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 or twice the gross gain or gross loss from each offense and may order forfeiture and restitution.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 for each Count will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6. This Office reserves the right to inform the Court and the probation office of all

facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background.  Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.  The Government will explain in the pre-sentence investigation report the scope and nature of the underlying conduct related to the counts to be dismissed as part of this plea agreement involving the conspiracy to offer and pay illegal kickbacks.

7.      This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility.  If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.  This Office, however, will not be required to make this motion if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

Case 1:23-cr-20390-KMW Document 76 Entered on FLSD Docket 06/14/2024 Page 4 of 11

8. The defendant agrees to plead guilty to Count 2 which Count charges the defendant with Conspiracy to Commit Health Care Fraud in violation of Title 18, United States Code, Section 1349 and 1347. In consideration of the undertakings herein, this Office agrees that it will not pursue any additional charges of health care fraud or wire fraud in violation of Title 18, United States Code, Sections 1347 or 1343 or payment of illegal kickbacks in violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A) or 1320a-7b(b)(2)(B), or conspiracy to commit any of these offenses, in the Southern District of Florida for the defendant's conduct between February 2018 until the date of the defendant's arrest in September 2023, related to the medical clinics identified in the Government's letter dated April 30, 2024.

9. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

   a. <u>Base offense level</u>: The parties agree that it is a level 6 on Count 2.

   b. <u>Loss</u>: Pursuant to the Sentencing Guidelines 2B1.1, the relevant amount of actual loss resulting from the offense committed in Count 2 related to New Behavior Health Direction, Inc. in this case is greater than $3,500,000 but less than $9,500,000 resulting in an 18-level increase pursuant to pursuant to U.S.S.G. § 2B1.1(b)(1)(J).

   c. <u>Loss over 1 million to Government Health Care Program</u>: The parties agree that there is a 2-level increase on Count 2.

   d. <u>Role</u>: Based on the defendant's role in the offense, the parties agree that the defendant was a manager or supervisor and the criminal activity involved five or more participants or was otherwise extensive so there is a 3-level increase pursuant to U.S.S.G. § 3B1.1(b).

e. <u>Adjusted Offense Level</u>: That the applicable adjusted offense level before acceptance of responsibility under all of the circumstances of the offense(s) committed by the defendant is Level 29.

10. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court impose a sentence within the advisory sentencing guideline range produced by application of the Sentencing Guidelines. Although not binding on the probation office or the Court, this Office and the defendant further agree that, except as otherwise expressly contemplated in this Plea Agreement, they will jointly recommend that the defendant be sentenced to a term of imprisonment of 63 months.

11. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his/her plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

12. The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in



this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with this Office, to request that the Court enter a specific finding that the defendant's waiver of his right to appeal the sentence imposed in this case was knowing and voluntary. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with this Office, to request that the Court enter a specific finding that the defendant's waiver of his right to appeal the sentence imposed in this case was knowing and voluntary.

13.     The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status, if the defendant is not a citizen of the United States. Under



federal law, a broad range of crimes are removable offenses, and, in some cases, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms the desire to plead guilty regardless of any immigration consequences that the plea may entail.

14. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, in violation of 18 U.S.C. § 1347, 1349, pursuant to 18 U.S.C. § 982(a)(7) and the provisions of 21 U.S.C. § 853. The property subject to forfeiture includes, but is not limited to:

    a. a forfeiture money judgment in the sum of $3,869,703.88 in United States currency, which sum represents the value of any property that constitutes or is derived from gross proceeds traceable to the defendant's commission of the offense;

    b. Approximately $810,830 seized on or about October 27, 2020, from TD Bank account no. 437-2370604;

    c. Approximately $694,969.82 seized on or about October 27, 2020, from TD Bank account no. 438-2452624;

    d. Approximately $52,779 seized on or about December 22, 2020, from Regions Bank account no. 0295891056;

    e. Approximately $114,616.43 seized on or about November 17, 2020, from Truist Bank account no. 1100014350614;

    f. Approximately $31,400 seized on or about November 17, 2020, from Truist Bank account no. 1100014350908;

    g. Approximately $10,642.26 seized on or about February 23, 2021, from Truist Bank account no. 1000271891649;

  h.  real property located at 2021 SW 134th Avenue, Miami, Florida 33175, including all buildings, fixtures, appurtenances, improvements, attachments and easements found therein or thereon;

  i.  real property located at 12610 SW 72 Terrace, Miami, FL 33183, including all buildings, fixtures, appurtenances, improvements, attachments and easements found therein or thereon;

  j.  real property located at 575 Hazel Street, Key Largo, FL 33037, including all buildings, fixtures, appurtenances, improvements, attachments and easements found therein or thereon;

  k.  2019 Mercedes GT53C4 (VIN: WDD7X6BB1KA004122);

  l.  2019 Mercedes-Benz; Sprinter (VIN: WDZPF1CD9KT000968);

  m.  2021 Mercedes Benz; Van (VIN: 1Z4DFHY8MT050403);

  n.  2020 Ford F150 Crew Cab (VIN: 1FTEW1E5XLFB87778); and

  o.  2021 27' Vessel (VIN: ROBR0131H021).

15. The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

16. The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offenses of conviction. The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the



United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

17. The defendant understands and acknowledges that the Court may order restitution for the full amount of the victims' losses pursuant to 18 USC § 3663. The defendant understands that the amount of restitution owed to the victim will be determined at or before sentencing unless the Court orders otherwise. The defendant agrees that the amount of restitution is at least $3,869,703.

18. The defendant agrees to cooperate with the Internal Revenue Service ("IRS") in its civil examination, determination, assessment, and collection of income taxes related to the defendant's 2018 through 2023 income tax returns and any related corporate/entity tax returns, and further agrees not to conceal, transfer, or dissipate funds or property that could be used to satisfy such taxes, penalties, and interest. The defendant agrees to provide the IRS any documentation in the defendant's possession and/or control requested by the IRS in connection with its civil examination, determination, assessment, and collection of such income taxes prior to sentencing. The defendant further knowingly and voluntarily agrees to waive any statute of limitations with respect to assessment and collection of the defendant's individual and corporate/entity tax liabilities concerning tax years 2018 through 2023.

19. The defendant agrees to pay all taxes, interest, and penalties due and owing to the IRS, including all taxes, interest, and penalties on the defendant's individual and any related corporate/entity liabilities for the tax years 2018 through 2023, by no later than the time of the



9

defendant's sentencing. Nothing in this agreement shall limit the IRS in its civil determination, assessment, and collection of any taxes, interest, and/or penalties that the defendant may owe.

20. The defendant agrees that any statements made by the defendant to the IRS and/or in this agreement shall be admissible against the defendant without any limitation in any civil or criminal proceeding and the defendant stipulates to the authenticity and admissibility, in any civil or criminal proceeding, of any documentation provided by the defendant to the IRS. The defendant hereby waives any protection afforded by Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure with regard to any such statements and documentation. In the event that the defendant withdraws from this agreement prior to pleading guilty and/or fails to fully comply with any of the terms of this agreement, the United States will, at its option, be released from its obligations under this agreement, but under no circumstances shall the defendant be released from the agreements and waivers made by the defendant in this and the preceding two paragraphs.

21. The defendant confirms that the defendant is guilty of the offense to which the defendant is pleading guilty; that the defendant's decision to plead guilty is the decision that the defendant has made; and that nobody has forced, threatened, or coerced the defendant into pleading guilty. The defendant affirms that the defendant has reviewed this agreement and enters into it knowingly, voluntarily, and intelligently, and with the benefit of assistance by the defendant's attorney.

10

22. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

MARKENZIE LAPOINTE
UNITED STATES ATTORNEY

Date: June 14, 2024   By: ~~TIMOTHY J. ABRAHAM~~ MARC CANZIO
SPECIAL ASSISTANT UNITED STATES ATTORNEY

Date: May 6, 2024   By: 
JOSE QUINON
ATTORNEY FOR DEFENDANT JOSE DAVILA NUNEZ

Date: May 6, 2024   By: 
JOSE DAVILA NUNEZ
DEFENDANT

11